UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| H&E EQUIPMENT SERVICES, INC. | CIVIL ACTION |
| VERSUS | 19-134-SDD-EWD |
| LEONARD ST. GERMAIN | |

### RULING

This matter is before the Court on the *Motion for Restraining Order and Preliminary and/or Permanent Injunction*[1] filed by Plaintiff, H & E Equipment Services, Inc. ("Plaintiff"). It does not appear from the record that the Defendant, Leonard St. Germain, has been served with the *Complaint*[2] filed in this matter on March 1, 2019. Because Plaintiff has failed to comply with the requirements of Rule 65 of the Federal Rules of Civil Procedure, the Court denies the motion to the extent that Plaintiff seeks a temporary restraining order. The Court will defer ruling on the motion for a preliminary/permanent injunction until Defendant has appeared in this matter.

I.   **STANDARD FOR A TEMPORARY RESTRAINING ORDER**

In order to obtain a TRO, Plaintiff must demonstrate: (1) a substantial likelihood of success on the merits, (2) a substantial threat that Plaintiff will suffer irreparable injury if

---

[1] Rec. Doc. No. 3.
[2] Rec. Doc. No. 1.  Summons has been issued to Leonard St. Germain (Rec. Doc. No. 2) but not returned executed.
50814

the injunction is not granted, (3) that the threatened injury outweighs the threatened harm to the Defendant, and (4) that granting the preliminary injunction will not deserve the public interest.[3] Because a temporary restraining order is an extraordinary remedy, it should be granted only if Plaintiff clearly carries its burden of persuasion as to all four factors.[4]

Rule 65(b)(1) of the Federal Rules of Civil Procedure states that a court "may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Plaintiff has failed to satisfy both requirements set forth in Rule 65(b)(1).

The *Complaint* filed in this matter is not a verified complaint, and no affidavit has been submitted therewith. Also lacking is the certification required by counsel regarding attempted notice efforts or a reason why notice should not be provided to the Defendant. Indeed, the issue of notice is simply ignored by Plaintiff altogether. There is nothing before the Court to indicate that Plaintiff had made good faith efforts to comply with his obligation to act equitably when seeking such an extraordinary remedy.

---

[3] *Justin Industries v. Choctaw Securities, L.P.*, 920 F.2d 262 (5th Cir.1990).
[4] *Planned Parenthood Ass'n of Hidalgo Cnty. Tex., Inc. v. Suehs*, 692 F.3d 343, 348 (5th Cir. 2012) (quotation and citation omitted).
50814

Accordingly, having failed to satisfy the requirements of Rule 65, Plaintiff's *Motion* shall be DENIED as to the TRO request, and the remainder of the *Motion* is deferred until Defendant has made an appearance. Once Defendant has been served and received notice of this action, the Court will move promptly to set a telephone status conference to set deadlines for a preliminary injunction hearing.

## II. CONCLUSION

For the reasons set forth above, Plaintiff's *Motion for Restraining Order and Preliminary and/or Permanent Injunction*[5] is hereby DENIED in part and DEFERRED in part.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>March 22, 2019</u>.

*Shelly D. Dick*

**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[5] Rec. Doc. No. 3.
50814