**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| H&E EQUIPMENT SERVICES, INC. | CIVIL ACTION |
| VERSUS | 19-134-SDD-EWD |
| LEONARD ST. GERMAIN | |

## RULING

This matter is before the Court on the *Partial Motion to Dismiss*[1] by H&E Equipment Services, Inc. ("Plaintiff"). Leonard St. Germain ("Defendant") has filed an *Opposition*[2] to this motion. For the following reasons, Plaintiff's *Motion*[3] shall be DENIED.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff is in the business of selling, renting, servicing, maintaining construction equipment, heavy industrial equipment, material handling equipment, and utility equipment.[4] Defendant was Plaintiff's employee from January 2010 until December 2017.[5] During his employment, Defendant entered into a Confidentiality, Non-Competition, and Non-Solicitation Agreement with Plaintiff.[6] Upon his resignation in December 2017, Defendant became employed with Bottom Line Equipment, LLC

---

[1] Rec. Doc. 6.
[2] Rec. Doc. 11-1.
[3] Rec. Doc. 6.
[4] Rec. Doc. 11-1 p. 1.
[5] *Id.*
[6] *Id.*
59809

("Bottom Line"), which Plaintiff alleges is a direct competitor of Plaintiff.[7] Plaintiff alleges that "[s]ince accepting employment with Bottom Line, [Defendant] has solicited and/or accepted business in violation of the Non-Compete Agreement" and that Defendant "has used and disclosed H&E's confidential business information, while inducing H&E's clients to terminate their business relationship with H&E."[8] Plaintiff alleges that it first became aware of the grounds for its action against Defendant upon a review of Defendant's email records, which indicated the following:

> On January 2, 2018, four days after his resignation and four days after his access rights were revoked, St. Germain access to his H&E email account and forwarded an Equipment Inventory Report to his personal email address. On January 2, 2018, five days after his resignation and five days after his access rights were revoked, St. Germain gained access to his H&E email account and forwarded an email titled "A&G Mercury Tuggers – Looking for Offers" to his personal email address."[9]

This case invokes the Court's diversity jurisdiction, as Plaintiff is a Delaware corporation and Defendant is a resident of Louisiana. Defendant moves to dismiss Plaintiff's tortious interference with a contract claim. Defendant also moves to dismiss Plaintiff's conversion claim on the basis that (1) it is time barred, and (2) it is preempted by the Louisiana Uniform Trade Secrets Act (LUTSA). The Court considers each of these contentions in turn.

---

[7] *Id.* at p. 2.
[8] Rec. Doc. 11-1 p. 2-3.
[9] *Id.* p. 3.
59809

## II. LAW AND ANALYSIS

### A. Rule 12(b)(6)

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[10] The Court may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[11] "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[12]

In *Twombly*, the United States Supreme Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[13] A complaint is also insufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[14] However, "[a] claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[15] In order to satisfy the plausibility standard, the plaintiff must

---

[10] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004)).
[11] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).
[12] *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 (quoting *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d at 467).
[13] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and brackets omitted).
[14] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).
[15] *Twombly*, 550 U.S. at 570.
59809

show "more than a sheer possibility that the defendant has acted unlawfully."[16] "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff.'"[17] On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[18]

### B. Analysis

#### i. Tortious Interference with Business Relations Claim

Defendant contends that Plaintiff has failed to state a tortious interference with business claim. Defendant argues that Plaintiff has not identified specific acts and practices constituting unlawful interference, that Plaintiff has not offered facts showing the prevention of business with a particular client, and that Plaintiff has not alleged facts demonstrating "malice, spite, ill will, or with any other motive not driven by profit."[19] In response, Plaintiff argues that its statements of fact are sufficient to constitute "notice pleading" and are enough to put Defendant on notice that a tortious interference with a contract claim is alleged against Defendant.[20] Specifically, Plaintiff argues that "malice may be alleged generally."[21]

In *Marshall Investments Corporation v. R.P. Carbone Company*,[22] the district court for the Eastern District of Louisiana aptly explained the applicable legal standards governing this claim:

---

[16] *Iqbal*, 556 U.S. at 678.
[17] *Taha v. William Marsh Rice University*, 2012 WL 1576099 at *2 (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)).
[18] *Twombly*, 550 U.S. at 556 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).
[19] Rec. Doc. 6-1 p. 5.
[20] Rec. Doc. 11-1 p. 5.
[21] *Id.*
[22] No. 05–6486, 2006 WL 2644959, *5 (E.D. La. Sep. 13, 2006).
59809

Louisiana courts have recognized a cause of action for tortious interference with business relations. *Junior Money Bags, Ltd. v. Segal*, 970 F.2d 1, 10 (5th Cir.1992) (citations omitted); *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 601 (5th Cir.1981). The cause of action for tortious interference with business derives from article 2315 of the Louisiana Civil Code. [LA. CIV. CODE] art. 2315(a) ("Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it."); *Dussuoy*, 660 F.2d at 601. Tortious interference is based on the principle that the right to influence others not to deal is not absolute. Junior Money Bags, 970 F.2d at 10 (citing *Ustica Enters., Inc. v. Costello*, 434 So.2d 137, 140 (La.Ct.App.1983). Louisiana law protects the businessman from 'malicious and wanton interference,' though it permits interferences designed to protect legitimate interests of the actor. *Dussouy*, 660 F.2d at 601. A plaintiff bringing a claim for tortious interference with business must ultimately show "by a preponderance of the evidence that the defendant improperly influenced others not to deal with the plaintiff." *Junior Money Bags*, 970 F.2d at 10 (quoting *McCoin v. McGehee*, 498 So.2d 272, 274 (La.Ct.App.1986). It is not enough to allege that a defendant's actions affected plaintiff's business interests; the plaintiff must allege that the defendant actually prevented the plaintiff from dealing with a third party. See Nowling v. Aero Servs. Int'l Inc., 752 F.Supp. 1302, 1312 n. 7 (E.D.La.1990); Ustica, 434 So.2d at 140.

Louisiana jurisprudence, however, has viewed this cause of action with disfavor. JCD Mktg. Co. v. Bass Hotels and Resorts, Inc., 812 So.2d 834,841 (La.Ct.App. 2002). "Louisiana courts have limited this cause of action by imposing a malice element, which requires that the plaintiff show the defendant acted with actual malice." Id.; Dussouy, 660 F.2d at 602. "Although its meaning is not perfectly clear, the malice element seems to require a showing of spite or ill will, which is difficult (if not impossible) to prove in most commercial cases in which conduct is driven by the profit motive, not by bad feelings. In fact, there appear to be no reported cases in which anyone actually has been held liable

for the tort." George Denegre, Jr., et al., Tortious Interference and Unfair Trade Claims: Louisiana's Elusive Remedies for Business Interference, 45 Loy. L.Rev. 395, 401 (1999); see also Junior Money Bags, 970 F.2d at 11 (noting that tortious interference with business is a "very limited form of recovery" in Louisiana). In order to sustain a claim for tortious interference with business relations, actual malice must be pleaded in the complaint. Dussouy, 660 F.2d at 602.[23]

Plaintiff asserts in the *Complaint* that Defendant "is actively competing for business which [Plaintiff] would have had."[24] Further, in support of the tortious interference claim, Plaintiff alleges:

> 70. H&E had existing business relationships and valid business expectancies with respect to those H&E clients St. Germain personally worked with, services, and/or had contact with during their employment with H&E on its behalf.
> 71. St. Germain had knowledge of such existing business relationships and valid business expectancies, both during his employment with H&E and following his resignation.
> 72. St. Germain has intentionally interfered with and continues to intentionally interfere with such existing business relationships and valid business expectancies by wrongfully and tortuously inducing or causing those H&E clients he personally worked with, serviced and/or had contact with on H&E's behalf, to terminate their existing business relationships with H&E and move their construction business to Equipment Depot, contrary to the No Solicit/No Compete restrictions in the agreements and, upon information and belief, by using and disclosing H&E's Confidential Information to do so.
> 73. St. Germain's actions were without justification.[25]

---

[23] *Marshall Investments Corp.*, 2006 WL at *5.
[24] Rec. Doc. 1 ¶25.
[25] *Id.* at p. 14 ¶¶70-73.
59809

These allegations are sufficient to constitute a *prima facie* case for tortious interference with business relations. Plaintiff alleges that Defendant caused clients not to continue business relations with Plaintiff, demonstrating that Defendant "actually prevented [Plaintiff] from dealing with a third party" rather than merely affecting Plaintiff's business interests.[26] As for the actual malice element, Plaintiff need only allege facts that support the plausible conclusion that Defendant acted with malice.[27] Plaintiff alleges that Defendant "had knowledge of existing business relationships" and "intentionally interfered with and continues to intentionally interfere with"[28] those relationships. While there are no alleged facts regarding Defendant's state of mind or malign intent, Plaintiff's allegations nonetheless "support the possible conclusion that [Defendant] acted with malice."[29] Moreover, it is inappropriate for the Court to delve into this factual inquiry at this stage in litigation. Consequently, the Court finds that Plaintiff has sufficiently stated a claim for tortious interference with business relations.

  *ii. Conversion Claim*

Defendant moves to dismiss Plaintiff's conversion claim because (1) it has prescribed, and (2) it is preempted by LUTSA. These arguments present legal questions that are resolvable by the Court at the Rule 12 pleading stage.

<u>Time Bar.</u> Defendant argues that Plaintiff's conversion claim should be dismissed because it has prescribed.[30] Plaintiff responds that its amended petition in

---

[26] *Marshall Investments Corp.*, 2006 WL 2644959 at *5.
[27] *See In re Katrina Canal Breaches Litigation*, 495 F.3d at 205.
[28] Rec. Doc. 1 ¶¶71-72.
[29] *Marshall Investments Corp.*, 2006 WL 2644959 at *5.
[30] Rec. Doc. 6-1 p. 6-7.
59809

the state court case prior to removal to this Court interrupted the prescriptive period on its conversion claim.[31] Plaintiff also argues that in any event, the prescriptive period was suspended under *contra non valentum*, as Plaintiff claims it was not aware of the grounds for its conversion claim until a later date after having filed its state court lawsuit.[32]

The prescriptive period for a conversion claim in Louisiana is one year, which begins to run on the date of the injury or damage sustained by the plaintiff.[33] Defendant contends that the prescriptive period began to run on January 3, 2018, when Defendant "allegedly gained access to his H&E email account and forwarded an email . . . to his personal account without authorization" that ultimately led to Plaintiff's injuries.[34] Because Plaintiff filed the state court suit on March 1, 2019, the Defendant argues, Plaintiff's conversion claim was prescribed at the time of filing.[35]

On the other hand, Plaintiff argues that the prescriptive period for its conversion claim was interrupted when it amended its complaint in a separate state court action.[36] Plaintiff filed a lawsuit on July 6, 2018 against a different H&E employee; Plaintiff amended its petition in that lawsuit on August 16, 2018 to add Defendant as a defendant.[37] In that amended petition, Plaintiff argues that it asserted a conversion claim against Defendant by including the following language:

---

[31] Rec. Doc. 11-1 p. 6.
[32] Rec. Doc. 11-1 p. 8-10.
[33] LA. CIV. CODE art. 3492.
[34] Rec. Doc. 6-1 p. 6.
[35] *Id.*
[36] Rec. Doc. 11-1 p. 6.
[37] *Id.*; *see H&E Equipment Services v. Gary Eberhardt*, No. 785-43(F), 24th Judicial District of Jefferson Parish (July 6, 2019).
59809

> Moreover, upon information and belief, contrary to his obligations under the [Confidentiality, Non-Competition, and Nonsolicitation] Agreement, and in material breach thereof, St. Germain has possession of, and has used and disclosed, and continues to use and disclose, H&E's Confidential Information, including, but not limited to, H&E's confidential an[d] proprietary information pertaining to its clients, their needs, and H&E's rates and fee structure for such clients, in an effort to compete unfairly with H&E for his own benefit and that of his new employer, Bottom Line Equipment.

Therefore, Plaintiff argues, the conversion claim's prescriptive period was interrupted on the date of amendment of the state court petition in *H&E Equipment Services v. Eberhardt* on August 16, 2018, which is within the one-year time bar.

LA. CIV. CODE art. 3462 provides that "[p]rescription is interrupted . . . when the obligee commences action against the obligor, in a court of competent jurisdiction."[38] Comment (b) to art. 3462 elaborates that "[t]he filing of suit in a court of competent jurisdiction and venue interrupts any kind of prescription as to the causes of action therein sued upon, provided the plaintiff is a proper party plaintiff and the defendant is a proper party defendant." When a prescriptive period is interrupted, "the time that has run is not counted."[39] The interruption continues for as long as the suit is pending,[40] and prescription begins to run anew from the last day of interruption.[41]

The Court finds that Plaintiff's conversion claim has not prescribed. Plaintiff interrupted the prescriptive period for its conversion claim against Defendant on August 16, 2018, when Plaintiff amended its state court petition in another case and

---

[38] LA. CIV. CODE art. 3462.
[39] LA. CIV. CODE art. 3466.
[40] LA. CIV. CODE art. 3463.
[41] LA. CIV. CODE art. 3466.
59809

asserted a conversion claim against Defendant. The fact that the claim was asserted in a different case has no effect on the interruption; the Louisiana Civil Code's provisions on interruption are concerned not with the legal proceeding itself, but with the underlying cause of action. When Plaintiff asserted its cause of action—the conversion claim—against Defendant on August 16, 2018, the conversion claim had not yet prescribed and was therefore interrupted within the one-year prescriptive period.

Plaintiff correctly argues that although La. Civ. Code art. 3463 establishes that interruption is deemed to have not occurred when a plaintiff voluntarily dismisses the suit[42]—which Plaintiff did in the prior state court action[43]—interruption does occur if a second suit asserting the same cause of action is filed while the first suit is still pending.[44] Plaintiff filed the present suit against Defendant in state court on April 1, 2019 while its first suit was still pending; therefore, even though Plaintiff voluntarily dismissed the first suit, its conversion claim against Defendant had not prescribed. Especially in light of prescription being disfavored, the Court finds that interruption prevented prescription of Plaintiff's conversion claim.

In any event, Plaintiff's conversion claim was suspended under the doctrine of *contra non valentem*. *Contra non valentem* prevents the running of liberative prescription

---

[42] LA. CIV. CODE art. 3463.
[43] Rec. Doc. 11-1 p. 8.
[44] *Batson v. Cherokee Beach and Campgrounds*, 530 So.2d 1128, 1130-31 (La. 1988); *see also Shepach v. Tanner*, 1997 WL 685353 at *3-4 ("The Louisiana Supreme Court [found] that the filing of a suit, which if dismissed without prejudice, abandoned, or not prosecuted would not interrupt prescription, but which was pending at the time a second suit is filed, acts as an interruption of prescription at the time the second suit is filed. This has continued to be the rule followed by Louisiana courts.") (internal citations omitted).
59809

when the cause of action is not known or reasonably knowable by the plaintiff.[45] There are four instances recognized by the Louisiana Supreme Court where *contra non valentem* is applied to prevent the running of prescription:

> (1) where there is some legal cause which prevented the courts or their officials from taking cognizance of or acting on the plaintiff's action; (2) where there was some condition coupled with the contract or connected with the proceedings which prevented the creditor from suing or acting; (3) where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; or (4) where the cause of action is neither known nor reasonably knowable by the plaintiff even though this ignorance is not induced by the defendant.[46]

Plaintiff asserts that the fourth category of *contra non valentem* applies to this case because it was not aware of the facts giving rise to its conversion claim against Defendant at the time of filing.[47] Specifically, Plaintiff contends that it became aware of the grounds for its conversion claim "when it reviewed [Defendant's] email account" on February 26, 2019.[48] Plaintiff argues that it filed the present suit against Defendant as a result of searching Defendant's email records, as evidenced by the inclusion of other claims against Defendant in addition to the claims asserted in the first suit.[49] Because "[p]rescription commences when a plaintiff obtains actual or constructive knowledge of facts indicating to a reasonable person that he or she is the victim of a tort,"[50] Plaintiff's conversion claim did not begin to accrue until it had actual or constructive knowledge of the grounds for its claim, which Plaintiff alleges occurred on February 26, 2019. Thus,

---

[45] *Cole v. Celotex Corp.,* 620 So.2d 1154, 1156-57 (La. 1993).
[46] *Dominion Exploration & Prod., Inc. v. Waters*, 07–0386, (La.App. 4 Cir. 11/14/07), 972 So.2d 350, 358.
[47] Rec. Doc. 11-1 p. 9.
[48] *Id.*
[49] *Id.* p. 9-10 (H&E included the original state law claims it asserted against St. Germain in *Eberhardt*, as well as violations of federal laws, such as the Computer Fraud and Abuse Act and the Federal Defend Trade Secrets Act."); *see H&E Equipment Services v. Eberhardt*, No. 785-43(F), 24th JDC.
[50] *Baxa v. Seterus, Inc.*, 2018 WL 3632361 at *3 (E.D. La. 2018) (quoting *Campo v. Correa*, 828 So.2d 502, 510 (La. 2002)).
59809

Plaintiff filed the present suit asserting its conversion claim within the one-year prescriptive period. The Court finds that Plaintiff's conversion claim has also not prescribed under the doctrine of *contra non valentem*.

<u>Preemption.</u> Defendant argues that Plaintiff's conversion claim should be dismissed because it is preempted by LUTSA.[51] Defendant argues that LUTSA "displaces conflicting tort, restitutionary, and other laws of this state pertaining to civil liability for misappropriation of a trade secret"[52] and that the "plain text of LUTSA precludes a civilian law conversion claim involving confidential information that qualifies as a trade secret under LUTSA."[53] Consequently, Defendant argues, the "Confidential Information and Trade Secrets" that form Plaintiff's LUTSA claim preempt Plaintiff from asserting a conversion claim based on those same trade secrets.[54]

Plaintiff argues in response that LUTSA "does not apply to 'contractual duties.'"[55] Plaintiff also contends that the "trade secrets" relied upon as the basis of its LUTSA claim are not the same as the "confidential information" underlying the conversion claim that does not qualify as a trade secret.[56] Plaintiff points to paragraph 29 of the *Complaint* to support the assertion that Plaintiff pled disclosure of information that does not constitute a trade secret:

> 29. St. Germain has possession of, and has used and disclosed, and continues to use and disclose, H&E's

---

[51] Rec. Doc. 6-1 p. 8-9.
[52] Rec. Doc. 6-1 p. 8 (quoting *Source Prod. & Equip. Co., Inc. v. Schehr*, 2017 WL 3721543 at *6 (E.D. La. 2017)). *See also* LA. REV. STAT. § 51:1437(A).
[53] *Id.* (citing *Brand Servs., L.L.C. v. Irex Corp.*, 909 F.3d 151, 158 (5th Cir. 2018)).
[54] *Id.* (citing Rec. Doc. 1 ¶¶20-23, 29-32, 54-64, 75-84).
[55] Rec. Doc. 11-1 p. 10 (quoting *Brand Servs.*, 909 F.3d at 158).
[56] *Id.*
59809

confidential and proprietary information pertaining to its clients, their needs, and H&E's rates and fee structure for such clients, in an effort to compete unfairly…[57]

Confidential information and trade secrets are not the same.[58] While "the plain text of LUTSA would preclude a civilian law conversion claim involving confidential information that qualifies as a trade secret under LUTSA," conversion claims involving information that does not qualify as a trade secret are not preempted.[59] A plain reading of Plaintiff's allegations in the *Complaint* indicates that Plaintiff asserts LUTSA claims based upon misappropriation of trade secrets in addition to a conversion claim based upon misappropriation of other information that does not arise to the level of confidentiality of a trade secret.[60] At paragraph 12, Plaintiff alleges Defendant's commitment to "not 'disclose to any person or entity . . . any confidential, proprietary or trade secret information,'" indicating the misappropriation or disclosure of other information that does not arise to a trade secret.[61] At paragraph 39, Plaintiff alleges that "Defendant learned Plaintiff's Confidential Information *and* Trade Secrets, and . . . disclosed them," using a conjunctive term to separate Confidential Information from Trade Secrets.[62] Therefore, the Court finds that Plaintiff's conversion claim is not preempted by LUTSA.

---

[57] Rec. Doc. 1 ¶29.
[58] *Brand Servs.*, 909 F.3d at 158.
[59] *Id.* at 158-59 ("We also conclude that if confidential information that is not a trade secret is nonetheless stolen and used to the unjust benefit of the thief or detriment of the victim, then a cause of action remains under Louisiana law. . . LUTSA does not preempt civilian law claims for conversion of information that does not constitute a trade secret under LUTSA.") (relying upon *B&G Crane Serv., L.L.C. v. Duvic*, 2005-1798 (La. App. 1 Cir. 5/5/06), 935 So. 2d 164; *Defcon, Inc. v. Webb*, 28,898 (La. App. 2 Cir. 1/22/97), 687 So. 2d 639. *See also Total Safety U.S., Inc. v. Code Red Safety & Rental, LLC*, 2019 WL 5964971 at *5 (E.D. La. 2019); *Ruby Slipper Café, LLC v. Belou*, 2019 WL 1254897 at *9 (E.D. La. 2019).
[60] Rec. Doc. 1 ¶29.
[61] *Id.* at ¶12.
[62] *Id.* at ¶35 (emphasis added).
59809

### III. CONCLUSION

For the reasons set forth above, Defendant's *Partial Motion to Dismiss*[63] is **DENIED**. Plaintiff's alternative request to amend the *Complaint*[64] is DENIED as moot.[65]

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on April 6, 2020.

*Shelly D. Dick*

**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[63] Rec. Doc. 6.
[64] Rec. Doc. 1.
[65] *See* Rec. Doc. 11-1 p. 12.
59809